PATRICK M. WALDROP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waldrop v. Commissioner
Docket No. 30830-84.
United States Tax Court
T.C. Memo 1987-600; 1987 Tax Ct. Memo LEXIS 599; 54 T.C.M. (CCH) 1261; T.C.M. (RIA) 87600; December 7, 1987; As amended December 10, 1987 *599 Held: Fraud proven by clear and convincing evidence. Samuel R. McCord, for the petitioner. Frank Simmons, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By notice of deficiency dated August 8, 1984, respondent determined a deficiency in tax against petitioner for the calendar year 1978 in the amount of $ 4,440,570 and an addition to tax under section 6653(b) [1] in the amount of $ 2,220,285. Petitioner was convicted after trial in the United States District Court for the Northern District of Florida on April 26, 1982, of various counts of conspiracy to import marijuana into the United States for distribution. The judgment of conviction covered the importation of marijuana during the year 1978. The judgment of conviction was affirmed by the Court of Appeals for the Eleventh *600 Circuit in December 1984. On December 20, 1985, respondent filed a motion for summary judgment requesting that the deficiency in income tax and the addition to tax be approved. Attached to the motion for summary judgment was a stipulation of facts signed by counsel for each party. Petitioner's counsel filed a notice of no objection to the granting of respondent's motion for summary judgment. Petitioner at that time and at the time of trial was a fugitive from justice. His counsel concluded that he had authority to agree to the deficiency but he did not have authority to stipulate to the addition to tax for fraud. By order dated January 6, 1986, we granted respondent's motion for summary judgment with respect to the deficiency in the amount of $ 4,440,570 for the taxable year 1978 but as to the addition to tax under section 6653(b) we ordered trial during the Court's regular calendar held in Birmingham, Alabama, starting February 10, 1986. For convenience our Findings of Fact *601 and Opinion are combined. Based on the stipulation submitted with respondent's motion for summary judgment, we find that, at the time of the filing of the petition, petitioner resided in Birmingham, Alabama. Petitioner and his wife filed a Federal income tax return with respondent for the calendar year 1978 on which return petitioner reported compensation income in the amount of $ 5,510, other items of miscellaneous income and loss in small amounts and farm income in the amount of $ 15,074 for a total adjusted gross income of $ 19,549. This return was prepared by John E. Shepherd. When petitioner came to Shepherd to give him information with which to prepare the income tax return, petitioner stated that he had no other income except that which was reflected in the documents and summaries delivered to Shepherd, all of which was included on the income tax return. On January 31, 1981, respondent began an examination of petitioner's Federal income tax returns for the years 1978 and 1979. Petitioner also stated on one or more occasions to the revenue agent who had charge of the examination that all of petitioner's income was reported on his income tax return. The examination was *602 closed on February 23, 1982, on a no change basis. Petitioner was in fact engaged in the business of purchasing marijuana from co-conspirators who imported it into this Country and distributed it largely in the Birmingham, Alabama, area. In March 1978 petitioner admitted to one of the other members of the conspiracy that he had made $ 100 per pound on 20,000 pounds of marijuana which he distributed. During the year 1978 petitioner purchased from 75,000 to 100,000 pounds of marijuana at an average price of approximately $ 210 per pound. During January/February 1978, petitioner purchased 5,000 pounds of marijuana and stated to one of his conspiracy associates that he was then reselling the marijuana for between $ 250 and $ 275 per pound. In March 1978, petitioner reported to the same co-conspirator that he had sold 20,000 pounds of marijuana at $ 320 a pound. The parties have stipulated that an agent of the Drug Enforcement Agency in Birmingham, Alabama, would testify if called as a witness that the reasonable selling price of marijuana during the year 1978 was about $ 300 per pound. On this record we conclude that petitioner would have realized from the amount of marijuana which *603 he purchased not less than $ 22,500,000 at an average cost of approximately $ 16,125,000. Therefore, petitioner's unreported net income from marijuana during the year 1978 was not less than $ 6,375,000, as respondent determined in the statutory notice. All of petitioner's purchases of marijuana from his co-conspirators were in cash. In each of several transactions petitioners paid to the collection agent for the importers more than $ 1,000,000 in cash. Under section 6653(b) respondent has the burden of proof by clear and convincing evidence. Section 7454(a); Rule 142(b). To meet this burden, respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. ; . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion ; . *604 Fraud is not to be imputed or presumed. ; . However, fraud may be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent. ; . The intent to conceal or mislead may be inferred from a pattern of conduct. See . A pattern of consistent underreporting of income, especially when accompanied by other circumstances showing an intent to conceal, justifies the inference of fraud. See ; However, the mere failure to report income is not sufficient to establish fraud. . Other badges of fraud which may be *605 taken into account include: the making of false and inconsistent statements to revenue agents, ; the filing of false documents, , affd. ; understatement of income, inadequate records, failure to file tax returns, implausible or inconsistent explanations of behavior, concealment of assets and failure to cooperate with tax authorities. , affg. a Memorandum Opinion of this Court. The badges of fraud alleged by respondent in the answer to the petition and proven during the trial, in addition to the omission of not less than $ 6,375,000 of gross income from his 1978 tax return, includes the fact that petitioner failed to report this gross income to his tax return preparer and lied to several Internal Revenue Agents who were assigned to the audits of petitioner's 1978 and 1979 income tax returns. Additional badges of fraud are the large discrepancy between petitioner's actual net income and the net income reported on the tax returns when *606 that discrepancy is unexplained, , and the dealings in large amounts of cash. . Respondent has proven fraud by clear and convincing evidence. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩